UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| THOMAS VONNEEDO, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-CV-183 NAB |
| RYAN DENNIS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, Thomas Vonneedo, Jr., (registration no. 514039), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.98.[1] *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal cases against plaintiff that arises out of the same facts.

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights. Prior to this case being filed, two related underlying criminal cases were filed against plaintiff in Missouri State Court. *See State v. Vonneedo*, Case Nos. 15SO-CR01124-01

---

[1] A review of plaintiff's account indicates an average monthly deposit of $9.91. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

1

(33rd Judicial Circuit, Scott County Court) and 14MI-CR00436-02 (33rd Judicial District, Scott County Court). In both cases, plaintiff has been charged with felony possession of methamphetamines with intent to distribute. He has pled guilty to felony distribution of a controlled substance in Case No. 14MI-CR00436-02; however, the matter is currently scheduled for a jury trial on December 4, 2017 in Case No 15SO-CR01124-01.

In the current action, plaintiff asserts that **he was arrested (in custody at time)** by Detective Ryan Dennis of the Sikeston Department of Public Safety on October 5, 2015. In actuality, plaintiff had previously been charged with possession of controlled substance, and a warrant had already been issued for his arrest, in *State v. Vonneedo*, Case No. 11SO-CR01109-02 (33rd Judicial Circuit, Mississippi County Court). Plaintiff claims that while he was in custody in the new case, Detective Dennis "violated his Constitutional rights by going outside the scope of the search warrant and having [him] placed in ICU at MoDelta Medical Center…" and having plaintiff drug tested.

Plaintiff claims that not only was he drug tested, but that he was also "pumped full of drugs intravenously and fed laxatives against [his] will." Plaintiff claims he has suffered damage to his bladder as a result of the ICU placement, and he believes his due process rights were violated by this purported "unlawful search."

Plaintiff believes that he was subsequently charged with the additional cases in Scott County as a result of the purported unlawful drug testing by defendant Dennis. Plaintiff also names as a defendant in this action, Missouri Delta Medical Center and the Sikeston Police Department as a whole.

## The Complaint

In this case, plaintiff asserts claims for false arrest, false imprisonment and malicious prosecution as a result of an alleged false arrest that occurred on October 5, 2015. Plaintiff's claims in this lawsuit arise under the Fourth Amendment and include: lack of probable cause; false arrest; false imprisonment; warrantless search; and warrantless seizure.[2] He blames both the police and the hospital for acting outside the Fourth Amendment.

## Discussion

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

---

[2]To the extent plaintiff has additional claims against any of the named defendants for deliberate indifference to his medical needs in violation of the Eighth or Fourteenth Amendment, plaintiff may file an additional complaint in this Court that is separate from the present lawsuit. The Court will instruct the Clerk of Court to provide plaintiff with a blank prisoner complaint form.

In this case, plaintiff asserts claims for illegal search and seizure, false arrest and false imprisonment. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending against plaintiff has been resolved through criminal appeals, as well as through post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

---

[3]After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the appellate proceedings and post-conviction proceedings against plaintiff relating to his criminal cases of *State v. Vonneedo,* Case Nos. 15SO-CR01124-01 (33rd Judicial Circuit, Scott County Court) and 14MI-CR00436-02 (33rd Judicial District, Scott County Court).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Vonneedo,* Case Nos. 15SO-CR01124-01 (33rd Judicial Circuit, Scott County Court) and 14MI-CR00436-02 (33rd Judicial District, Scott County Court).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the appellate proceedings and post-conviction proceedings related to the criminal charges pending against plaintiff in *State v. Vonneedo,* Case Nos. 15SO-CR01124-01 (33rd Judicial Circuit, Scott County Court) and 14MI-CR00436-02 (33rd Judicial District, Scott County Court). This case may be reopened by plaintiff=s filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT at this time**.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a blank copy of the Prisoner Civil Rights Complaint Form.

Dated this 30th day of November, 2017.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).